LUIS ÁNGEL LUGO ESTRADA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. LUIS APELLÁNIZ, JUEZ, demandado.

*Número*: O-72-326    *Resuelto*: 27 de febrero de 1973

*E. Vélez Vargas*, abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En sus méritos, se trata en este caso de una petición de división de herencia. En 25 junio 1971 el demandante presentó en el Tribunal Superior, Sala de Mayagüez, una demanda sobre partición de herencia en la cual alegó, en lo pertinente, que es hijo de Tomás Lugo Irizarry; que éste falleció en San Germán en 18 diciembre 1964; que los únicos y universales herederos del causante son él, los otros siete hijos mencionados en el epígrafe de la demanda y su viuda María Encarnación Lugo; que todos son mayores de edad; y que el causante dejó

bienes sujetos a partición, entre los cuales menciona específicamente doce pequeñas fincas rústicas con cabidas que fluctúan entre menos de una cuerda y 22 cuerdas.

También alegó que el caudal hereditario está en manos de los demandados, que no se ha dividido aún y que al demandante no se le han entregado su participación hereditaria, ni los frutos correspondientes.

Los demandados contestaron la demanda en 16 julio 1971 y negaron todos los hechos alegados en la demanda. En consecuencia, solicitaron que la misma se declarase sin lugar. En otras palabras, negaron que Don Tomás Lugo Irizarry hubiese fallecido y que ellos y el demandante fuesen los hijos y herederos de dicho señor.

Después de varios incidentes, que no es necesario relatar, el demandante solicitó del tribunal de instancia que se nombrase un contador partidor. Dicha solicitud fue declarada sin lugar por el tribunal. Posteriormente el demandante solicitó que el tribunal le autorizase a contratar, con cargo al caudal hereditario, un agrimensor para que midiese las propiedades y un tasador para que las tasase. Esta petición también fue declarada sin lugar por el tribunal.

De esas resoluciones del tribunal de instancia negándose a nombrar un contador partidor y a autorizar al demandante a que contrate, con cargo al caudal relicto, un agrimensor y un tasador, el peticionario recurrió a nosotros por vía de *certiorari.*

Como se sabe, excepto por causas expresamente provistas por la ley, ningún coheredero podrá ser obligado a permanecer en la indivisión de la herencia. Art. 1005 del Código Civil; 31 L.P.R.A. sec. 2871. Las legislaciones inspiradas en el derecho romano—como nuestro Código Civil—han visto con poco favor el estado de indivisión, pues generalmente éste es incómodo para los comuneros y no pocas veces es fuente de discordias entre ellos. Como se recordará, en el *Corpus Juris Civilis* se expresó que *In communione vel societate nemo*

*compellitur invitus detineri.* (Nadie está compelido a permanecer contra su voluntad en comunidad o sociedad.) *Código,* Libro III, Título 37(5), ed. García del Corral, Barcelona, 1892, pág. 392. Por lo tanto, todo coheredero que tenga la libre administración y disposición de sus bienes, podrá pedir en cualquier tiempo la partición de la herencia. Art. 1006 del Código Civil; 31 L.P.R.A. sec. 2872.

Desde luego, la partición puede ser extrajudicial o judicial. La extrajudicial, a su vez, puede ser convencional o testamentaria. La partición convencional es la que los herederos practican ellos mismos, de común acuerdo. Como indica su nombre, tiene el carácter de una convención o pacto y está sometida a las reglas generales de la contratación. Es la menos costosa de todas y la más rápida. Provee para ella el Art. 1011 del Código Civil; 31 L.P.R.A. sec. 2877. Cuando hay menores entre los herederos es preciso observar ciertas formalidades, las cuales varían según las circunstancias. Así, por ejemplo, cuando haya menores sometidos a la patria potestad, la partición podrá hacerse si éstos están representados por su padre o por su madre, según sea el caso, sin que para ello sea necesario la intervención ni la aprobación judicial. Art. 1013 del Código Civil; 31 L.P.R.A. sec. 2879. Naturalmente, pueden darse otras situaciones que no es necesario discutir aquí.

La partición testamentaria puede hacerse de dos modos. Una, cuando es hecha por el testador mismo—Art. 1009 del Código Civil; 31 L.P.R.A. sec. 2875—y otra cuando es hecha por un comisario designado por el testador. Art. 1010 del Código Civil; 31 L.P.R.A. sec. 2876. Generalmente las leyes procesales denominan "contador partidor" al comisario mencionado por el Código Civil. Por disposición de ley, el comisario nombrado por el testador no puede ser uno de los coherederos. Art. 1010 del Código Civil. Como esta facultad del contador partidor no está reglamentada en detalle por el Código, la jurisprudencia la ha equiparado al cargo de albacea por virtud de la semejanza que guardan uno y otro cargo.

Dispone el Art. 1012 del Código Civil, 31 L.P.R.A. sec. 2878, que "Cuando los herederos mayores de edad no se entendieren sobre el modo de hacer la partición, quedará a salvo su derecho para que lo ejerciten en la forma prevenida en los preceptos sobre procedimientos legales especiales." Esta, desde luego, es la partición judicial que mencionáramos antes.

La partición judicial, señala Castán, tiene un carácter extraordinario o subsidiario, ya que la tendencia uniforme del derecho es que ésta se verifique como último recurso, pues es cuando no hay acuerdo entre los herederos que se acude a la costosa y dilatoria vía judicial. *Derecho Civil Español, Común y Foral*, 7a. ed., Tomo VI, Vol. 1 (1960), pág. 270.

Conviene señalar que la acción de partición de herencia (*familiae erciscundae*) no es, en estricta teoría, la misma que la acción de división de la cosa común (*communi dividundo*). Nótese que el derecho sustantivo que les sirve de soporte es tratado separadamente por el Código Civil; la Comunidad de Bienes, en su Libro II, Título III, Art. 326 y ss. (31 L.P.R.A. sec. 1271 y ss.) y la Partición de Herencia, en su Libro III, Título IV, Art. 1005 y ss. (31 L.P.R.A. sec. 2871 y ss.). Sin embargo, ambas acciones son fundamentalmente iguales en el sentido de que ambas tienen el mismo propósito: poner fin a una comunidad de bienes. Por ser tan parecidas en cuanto al fin que persiguen, el Código Civil dispone que serán aplicables a la división entre los partícipes en la comunidad las reglas concernientes a la división de la herencia. Art. 340 del Código Civil; 31 L.P.R.A. sec. 1285. Se refiere el Código, desde luego, a las reglas comprendidas en su articulado sobre la partición de la herencia, Art. 1005 y ss. (31 L.P.R.A. sec. 2871 y ss.).

Por el contrario, para la división de la herencia el legislador ha fijado reglas específicas en la Ley de Procedimientos Legales Especiales. *Marchese* v. *Marchese*, 81 D.P.R. 729, 736 (1960).[1] Pero como un pleito se inicia con la presenta-

---

[1] Dicha Ley de Procedimientos Legales Especiales, Ley de 9 de marzo de 1905, fue incorporada al Código de Enjuiciamiento Civil, ed. de 1933,

ción de una demanda en el tribunal, Regla 2 de Procedimiento Civil, y como nuestras Reglas de Procedimiento Civil tienen el propósito de propiciar una solución justa, rápida y económica de todo procedimiento (Regla 1) no es determinante para el éxito de una acción la forma en que se le denomine. Como hemos dicho antes, los tribunales, cuando es de justicia hacerlo, hacemos caso omiso de los nombres o títulos equivocadamente puestos a los recursos y consideramos los mismos como corresponde. (²) Pero sí es indispensable que se prueben los elementos que dan vida a la causa de acción.

En el caso de autos, como los demandados negaron todo lo alegado en la demanda, es necesario que el demandante pruebe su condición de heredero para que entonces pueda ejercitar el derecho de pedir la partición de la herencia que en ese caso le daría el Art. 1006 del Código Civil; 31 L.P.R.A. sec. 2872, y para que, en dicha capacidad, si así resultase, pueda también valerse de las disposiciones sobre juicios de testamentaría y abintestato, Art. 534 del Código de Enjuiciamiento Civil y ss., 32 L.P.R.A. sec. 2241 y ss. Véanse especialmente los Art. 556 y ss. de dicho Código, 32 L.P.R.A. sec. 2361 y ss., sobre administración judicial de los bienes del finado, sobre inventario, sobre administración de los bienes, sobre cuentas de administradores y albaceas y sobre división y partición de una herencia. Tomo 1, *Práctica Forense Puertorriqueña*, ed. 1964, pág. 250 y ss.

Una vez probado el derecho del peticionario, si lo tuviese, a pedir la división de la herencia, procedería el nombramiento de un contador partidor, quien a su vez deberá hacer el inventario y avalúo de los bienes y la partición correspondiente.

como los Arts. 534 a 619 de dicho Código. Las disposiciones de aquella ley relativas a la partición de herencia se encuentran en los Arts. 600 a 605 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 2621 a la 2626.

(²) *Cruz* v. *Director de la Lotería,* 94 D.P.R. 260, 264 (1967); *Núñez* v. *Benítez, Rector,* 65 D.P.R. 864 (1946); *Mena* v. *Llerandi,* 70 D.P.R. 176 (1949); *Rivera* v. *Benítez, Rector,* 73 D.P.R. 377 (1952); *Sucn. Marrero* v. *Santiago,* 74 D.P.R. 816 (1953).

Los gastos relacionados con el avalúo, la mensura, si fuese necesario hacerla, y la partición se deducirían del caudal hereditario.

A tenor con lo anterior, *se confirman las resoluciones objeto del recurso. Se devolverá el caso al tribunal de instancia para procedimientos ulteriores consistentes con. lo aquí resuelto.*