ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MITCHELL BERNIER RIVERA COMO PODERDATARIO Y EN REPRESENTACIÓN DE SU MADRE VICTORIA BENIER T/C/C VICTORIA RIVERA ARROYO<br><br>Apelados<br><br>V.<br><br>MARÍA LUISA RIVERA ARROYO; **JUAN PILLOT ARROYO**; JOSÉ JULIÁN PILLOT ARROYO; RAFAEL RIVERA ARROYO; BERNARDO RIVERA ARROYO<br><br>Apelante | TA2025AP00489 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Ponce<br><br>Caso Núm. PO2025CV01123<br><br>Sobre:<br><br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

Comparece ante nos, Juan Pillot Arroyo (en adelante, "Pillot Arroyo" o "apelante"), a los fines de solicitar nuestra intervención para que modifiquemos la *Sentencia* emitida y notificada el 9 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el referido dictamen, el foro sentenciador declaró *Ha Lugar* la *Moción de Desestimación al Amparo de las Reglas de Procedimiento Civil y el Caso Bernier González v. Rodríguez Becerra, CC-2015-304*, presentada por este. En su consecuencia, desestimó sin perjuicio la *Demanda* presentada por Mitchell Bernier Rivera (en adelante, "Bernier Rivera"), como apoderado y en representación de su madre, Victoria Bernier t/c/c Victoria Rivera Arroyo (en adelante, "demandante-apelada"), sobre división de herencia.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia* apelada. Veamos.

2

**I.**

El 30 de abril de 2025, la parte apelada presentó una *Demanda* en contra de Pillot Arroyo y la SLG compuesta por él y María Lozada Ortiz, María Luisa Rivera Arroyo, Sucesión José Julián Pillot Arroyo, Sucesión Rafael Rivera Arroyo, y Sucesión Bernardo Rivera Arroyo (en adelante, "demandados") sobre división de herencia.[1] Alegó que la demandante-apelada era miembro de la Sucesión de Justina Arroyo Arroyo y que, desde el año 2007 hasta el presente, la sucesión no se ha dividido. Solicitó, en lo concerniente a la controversia que nos ocupa, que todos los demandados fuesen emplazados mediante edicto, ya que residen fuera de Puerto Rico. En esa misma fecha, el foro primario emitió una *Orden* en la que declaró *No Ha Lugar* la solicitud de emplazamiento por edicto, por no cumplir con la Regla 4.6 de Procedimiento Civil de 2009.

Así las cosas, el 1 de mayo de 2025, la demandante-apelada presentó una *Moción en Cumplimiento de Orden* y anejó los proyectos de emplazamiento, conforme a las Reglas de Procedimiento Civil. El foro primario, mediante *Orden* emitida el 2 de mayo de 2025, notificada el día 5 del mismo mes y año, ordenó la expedición de los emplazamientos por edicto.

El 11 de junio de 2025, la demandante-apelada presentó un *Escrito al Expediente Judicial*, junto con una declaración jurada y copia de la publicación del edicto, para hacer constar que se realizó la correspondiente publicación el 2 de junio de 2025.

Luego de varios trámites procesales, el 17 de septiembre de 2025, Pillot Arroyo, sin someterse a la jurisdicción del Tribunal, presentó una *Moción de Desestimación al Amparo de las Reglas de Procedimiento Civil y el Caso Bernier González v. Rodríguez Becerra, CC-2015-304*. En síntesis, alegó que el emplazamiento por edicto efectuado es nulo dado que, entre otras cosas, la demandante-apelada envió la copia del emplazamiento y de

---

[1] Apéndice Núm. 1 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

la demanda presentada, por correo certificado con acuse de recibo, el 13 de junio de 2025, fecha que surge del sobre enviado. [2] Sostuvo que el mencionado envío fue tardío, ya que tenía hasta el 12 de junio de 2025[3] para realizarlo, según dispone la Regla 4.6 de Procedimiento Civil de 2009 (32 LPRA Ap. V, R. 4.6). Además, adujo que desde la presentación de la *Demanda,* 30 de abril de 2025, hasta la fecha de dicha moción, 17 de septiembre de 2025, habían transcurrido no menos de ciento cuarenta (140) días. Alegó que el término de ciento veinte (120) días establecido en las Reglas de Procedimiento Civil, *supra*, es improrrogable, y que por ende, procede la desestimación del caso. Además, sostuvo que la desestimación debía ser con perjuicio, debido que era la segunda ocasión que la demandante-apelada presentaba la misma causa de acción contra los mismos demandados, la cual fue desestimada sin perjuicio, por emplazamiento fuera de término.

Por su parte, el 29 de septiembre de 2025, la demandante-apelada presentó una *Réplica a Moción de Desestimación*, en la que alegó, entre otras cosas, que el edicto y su carta enviada por correo certificado con acuse de recibo fue en el término de ciento veinte (120) días después de presentada la demanda. Sostuvo que, en la alternativa de que el Tribunal entendiera que la desestimación procede, sería una sin perjuicio, ya que la desestimación por falta de jurisdicción, por no incluir una parte indispensable, nunca será con perjuicio, según la Regla 39.2(c) de Procedimiento Civil, *supra*.

Luego de presentada una *Dúplica a Réplica a Moción de Desestimación*, donde el apelante reiteró sus argumentos, el foro primario emitió la *Sentencia* que nos ocupa. En el referido dictamen, declaró *Ha Lugar* la *Moción de Desestimación al Amparo de las Reglas de Procedimiento Civil*

---

[2] Anejo Núm. 1 de la Entrada Núm. 19 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

[3] El apelante colocó en su escrito la fecha de 12 de **julio**, sin embargo, ya que el término establecido en la precitada Regla 4.6 de Procedimiento Civil, *supra*, es de diez (10) días, insertamos la fecha de 12 de **junio** de 2025.

*y el Caso Bernier González v. Rodríguez Becerra, CC-2015-304*, y en su consecuencia, **desestimó sin perjuicio** la *Demanda* presentada.

Inconforme, el 28 de octubre de 2025, el apelante compareció ante nos mediante un escrito de *Apelación*[4] y esbozó el siguiente señalamiento de error:

> Err[ó] el Tribunal de Primera Instancia al desestimar sin perjuicio la presente demanda[,] cuando era obligatorio que se desestimara con perjuicio.

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___ (2025), optamos por prescindir de la comparecencia de la parte apelada, para disponer de manera eficiente el asunto. A tales efectos, procedemos a esbozar el marco doctrinal aplicable a la controversia que hoy nos ocupa.

## II.

### -A-

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra, y a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). En nuestro ordenamiento jurídico el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Íd*. Éste se mueve dentro del campo del Derecho Constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra. R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed. LexisNexis Puerto Rico (2017), pág. 257; *Torres Zayas v. Montano Gómez*, 199 DPR 458, 468 (2017). Mediante esta figura se protege la garantía constitucional del debido proceso de ley. A tenor con esta norma, en *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 643 (2018) se reitera la protección de este derecho como un principio rector:

---

[4] Entrada Núm. 1 del SUMAC TA.

> Es política pública de nuestro ordenamiento jurídico que se evite el fraude y se utilicen procedimientos judiciales que priven a una persona de su propiedad **sin el debido proceso de ley**. "Esa política pública de que se haga bien el emplazamiento pesa más en este caso que el principio de economía procesal". Por ello, "se permite al demandado impugnar el emplazamiento a fines de asegurar el estricto cumplimiento de las reglas sobre emplazamientos de parte de los demandantes".

Sin el cumplimiento de este mandato constitucional, toda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. *Torres Zayas v. Montano Gómez*, supra, pág. 468. Se trata de un caso de nulidad radical por imperativo constitucional. *Íd.,* pág. 468. Por tal razón, el ordenamiento jurídico permite al demandado impugnar el emplazamiento a fines de asegurar el estricto cumplimiento de las reglas sobre emplazamientos de parte de los demandantes. *Bernier González v. Rodríguez Becerra*, supra, pág. 643.

La Regla 4.3(c) de Procedimiento Civil de 2009, aborda la norma en torno a los ciento veinte (120) días. Dicha regla estipula la computación del término para diligenciar el emplazamiento a la parte demandada:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y **archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto **tendrá el efecto de una adjudicación en los méritos**. (Énfasis suplido). 32 LPRA Ap. V. R.4.3 (c).

Conforme a la norma citada, el Tribunal Supremo de Puerto Rico reconoce que una vez se expida el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo. *Bernier González v. Rodríguez Becerra*, *supra*. pág. 647. Cabe señalar que, este término es improrrogable y, consecuentemente, si en 120 días el demandante no diligencia el emplazamiento, automáticamente se desestimará su causa de acción. *Íd.* pág. 647. Para determinar cuándo computar el término mencionado, el Tribunal Supremo señala lo siguiente:

En contexto con lo anterior, en *Sánchez Ruiz v. Higuera Pérez*, *supra*, señalamos que el término de 120 días para emplazar comienza a transcurrir cuando la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra motu proprio o ante una solicitud de la parte demandante. (Citas omitidas). *Pérez Quiles v. Santiago Cintrón, supra.* pág. 4.

La precitada Regla 4.3(c) de Procedimiento Civil, *supra*, dispone que un primer incumplimiento con el término de ciento (120) días para diligenciar el emplazamiento **conlleva la desestimación sin perjuicio**. (Énfasis suplido). *Íd.* pág. 651. No obstante, si ocurre un segundo incumplimiento con el término de ciento veinte (120) días, la referida norma establece que **la desestimación será con perjuicio**. *Íd.* pág. 651. Así expuesto, resulta evidente que un emplazamiento fuera del término reglamentado es una actuación contraria al principio rector del debido proceso de ley. Por consiguiente, en estas circunstancias la parte demandada tiene como alternativa, al amparo de la Regla 4.3 (c) de Procedimiento Civil, *supra*, la presentación de una defensa por diligenciamiento tardío del emplazamiento. Si los hechos satisfacen los fundamentos de la regla mencionada, el tribunal desestimará la causa de acción en contra del demandado en aras de salvaguardar el mandato constitucional del debido proceso de ley.

**-B-**

Por su parte, la Regla 39.2(c) de Procedimiento Civil, establece que,

(c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada**.** A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, **excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable,** tienen el efecto de una adjudicación en los méritos. (Énfasis Nuestro). 32 LPRA Ap. V, R. 39.2.

Referente a la precitada regla, el Tribunal Supremo expresó en *VS PR, LLC v. Drift-Wind*, 207 SPR 253, 266-267 (2021), que,

[…] de su texto surge que la consecuencia prevista por la Regla 39.2(c) de Procedimiento Civil, *supra*, es inaplicable cuando la desestimación haya sido dictada por falta de jurisdicción o por haberse omitido acumular una parte indispensable. Por su[puesto, tampoco aplicaría si otra norma pauta un efecto específico para determinada desestimación. Empero, en ausencia de tales

excepciones, la norma detallada cobija a cualquier desestimación decretada.

Partiendo de lo anterior, colegimos que cuando un tribunal desestima un pleito, generalmente tiene discreción para determinar si la desestimación será sin perjuicio, posibilitando así una posterior presentación de la misma reclamación. *Souchet v. Cosío*, 86 DPR 758, 762-763 (1961). Queda clara esta discreción cuando la Regla 39.2(c) de Procedimiento Civil, *supra*, menciona que **la desestimación tiene el efecto de una adjudicación en los méritos, "[a] menos que el tribunal en su orden de desestimación lo disponga de otro modo** […]". (Negrilla suplida). Por lo tanto, en caso de no especificarse su efecto, generalmente la desestimación es con perjuicio.

Establecido el marco doctrinal aplicable, procedemos a disponer de la controversia ante nuestra consideración.

**III.**

En el caso ante nuestra consideración, el apelante señaló como único error que incidió el Tribunal de Primera Instancia al desestimar sin perjuicio la demanda, cuando era obligatorio que se desestimara con perjuicio. No le asiste la razón. Nos explicamos.

Si bien es cierto que la Regla 4.3(c) de Procedimiento Civil, *supra*, dispone que una segunda desestimación y archivo por incumplimiento con el término dispuesto para el diligenciamiento del emplazamiento tendrá el efecto de una adjudicación en los méritos, no podemos pasar por alto que, la Regla 39.2(c) de Procedimiento Civil, *supra*, exceptúa de ese efecto dos instancias. En específico, separa de la regla general la desestimación por falta de jurisdicción o por haber omitido acumular una parte indispensable. Se desprende claramente de la precitada regla que, si se dan alguna de esas circunstancias, entonces la desestimación con perjuicio no aplica.

Más aun, el más alto Foro reconoció dicho efecto de una adjudicación en los méritos, "**a menos que el tribunal en su orden de desestimación lo disponga de otro modo**", *VS PR, LLC v. Drift-Wind, supra.* Al tomar en conjunto ambas reglas, al igual que la opinión del Tribunal Supremo, es evidente que, a pesar de ser una segunda desestimación por emplazamiento tardío, como en el caso de autos, si se trata de falta de jurisdicción, por haber omitido acumular una parte indispensable o, si el tribunal lo dispone en su orden de tal modo, la desestimación puede ser sin perjuicio. En este caso,

en la *Sentencia* emitida, el foro primario resolvió que "**se desestima sin perjuicio** la *Demanda* presentada[…]".

Cabe destacar que, el Artículo 850 del Código Civil de 2020, 31 LPRA sec. 8223, dispone que, el "comunero no está obligado a permanecer en la comunidad y tiene derecho a pedir en cualquier tiempo que se divida la cosa común[…]", salvo determinadas excepciones, que no son aplicables al caso de autos. Una desestimación con perjuicio, en este caso, tendría el efecto de mantener una comunidad hereditaria en indivisión innecesariamente. Nuestro más alto foro ha expresado, referente a la indivisión que, "[l]as legislaciones inspiradas en el derecho romano – como nuestro Código Civil – han visto con poco favor el estado de indivisión, pues generalmente [e]ste es incómodo para los comuneros y no pocas veces es fuente de discordia entre ellos." *Lugo Estrada v. Tribunal Superior*, 101 DPR 231, 232 (1973). En este caso, no existe ningún interés que se deba proteger a través de la indivisión.

En fin, la desestimación con perjuicio no era obligatorio en este caso ni adelanta ningún interés particular. No se cometió el error y se confirma la determinación del foro sentenciador.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Aldebol Mora concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones