AB INTESTATO DE GENARO BALZAC VÉLEZ, *ex parte* JOSÉ BALZAC BÁEZ ET AL., peticionarios.

*Número:* O-79-560      *Resuelto:* 23 de abril de 1980

*Enrique Báez García,* abogado de los peticionarios; *Lorenzo O. Cabán Arocho,* abogado de los herederos Balzac-Hernández.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

En 12 de julio de 1975 Genaro Balzac Vélez murió intestado. En 28 de octubre de 1975 el Tribunal Superior, Sala de Mayagüez, decretó universales herederos a sus hijos de primer matrimonio Altagracia Conrada, José B. y Alicia A., de apellidos Balzac Báez, y a Dolores, José G. y Zulma A., de apellidos Balzac Hernández, y a la viuda Virginia Hernández.

Subsiguientemente, dentro de ese procedimiento, compareció José Balzac Báez por los hermanos Balzac-Báez con una "Solicitud de Nombramiento de Contador Partidor" en la que, entre otras cosas, alegó que todos los herederos estaban de acuerdo en la tasación y valoración de los bienes y en

cuanto a la participación que tendría cada heredero, mediando desacuerdo solamente en cuanto a cómo dividir los bienes, por lo que procedía se designara un contador, con el único fin de dividir la herencia en las porciones correspondientes. Los hermanos Balzac-Hernández solicitaron intervención aceptando tales alegaciones, aunque negando que procediese el nombramiento. Específicamente admitieron la relación de bienes en la herencia y su valorización, así como el hecho de que los herederos "se han puesto de acuerdo sobre los bienes a dividir, sobre su proporción hereditaria y sobre el valor de la herencia pero no se han puesto de acuerdo sobre la forma de hacer la división". Adujeron que lo que procedía era la administración judicial porque los hermanos Balzac-Báez venían operando la corporación G. Balzac & Cía., Sucrs., Inc., en forma deficiente, sin su participación ni conocimiento de lo que se hacía con los beneficios y activos de la corporación y sus negocios de venta y comestibles y almacén. Además, alegaron que los Balzac-Báez estaban administrando otros bienes de la herencia que producían frutos y rentas que no se estaban contabilizando. (¹)

En oposición los hermanos Balzac-Báez señalaron que no procedía el Administrador Judicial por estar los bienes ya inventariados y valorados por estipulación, los cuales eran perfectamente divisibles, conociéndose la participación de cada dueño y no habiendo deudas. Opusieron, además, que la corporación y sus negocios no eran susceptibles de administración judicial, por estar ésta constituida con arreglo a la Ley de Corporaciones y no formar parte de la herencia, teniendo su propia Junta de Directores por lo cual el tribunal, de decretar la administración, estaría privando a la Junta de esa adminis-

---

(¹) Los Balzac-Hernández mencionaron específicamente el solar y las estructuras dedicadas a almacén existente en el mismo y las 479 acciones de la Corporación G. Balzac & Cía., Sucrs., Inc. (descritas en la solicitud de nombramiento de contador partidor como pertenecientes al caudal relicto), señalando que dichos bienes forman parte de un negocio o empresa conocido como G. Balzac & Cía., Sucrs., Inc., el cual está en operación y funcionamiento y produciendo ingresos y aseverando que el negocio está siendo administrado y dirigido por los herederos Balzac-Báez solamente, en una forma deficiente y con un rendimiento muy cuestionable.

tración. Finalmente, argumentaron la improcedencia del administrador judicial por no haber menores de edad ni ausentes ni incapaces entre los herederos.

Así las cosas, previa vista al efecto, la ilustrada sala de instancia acogió los planteamientos de los interventores respecto al nombramiento de un administrador. Estimó que la prueba presentada por la peticionaria (Balzac-Báez) consistió solamente de un documento de la corporación donde aparecía el número asignado a la misma en el Departamento de Estado en contraste con la de los opositores Balzac-Hernández que incluía ciertos Estados de Ingresos y Egresos de la corporación para los años económicos 1974–75, 1975–76 y 1976–77. De tal contraste y del hecho de haber nueve (9) empleados de la corporación familiares de los Balzac-Báez, incluyendo al peticionario José Balzac Báez, quien recibía un sueldo sin trabajar, dedujo que los negocios de la corporación se estaban administrando mal. A base de lo expuesto y de que los peticionarios no presentaron prueba de los artículos de incorporación, de que estuvieran radicando los informes anuales que requiere la Ley de Corporaciones, que existiera una Junta de Directores y que tuvieran unos estatutos y hubiese oficiales nombrados, concluyó que el negocio estaba siendo operado por una asociación de personas naturales y no como una corporación.

Oportunamente designó una coadministración judicial compuesta por Genaro Balzac Hernández—hijo del causante—y a Genaro Olivares Balzac—nieto del causante; el primero, uno de los hermanos Balzac-Hernández y, el segundo, en representación de los intereses de los Balzac-Báez. Les ordenó que procedieran a liquidar. (²)

---

(²) En esta última resolución el juez repite que no se presentó prueba de que efectivamente G. Balzac & Cía. Sucrs., Inc., esté operando o funcionando como una corporación y señala que en su resolución de 18 de mayo de 1979 enumeró y explicó "los elementos de prueba que existen para demostrar que este negocio de hecho está operando como una asociación de personas naturales". Afirma que de 813 acciones de la corporación, 479 pertenecen a la sucesión y constituyen el 58.92% y que, además, "se encuentra con el problema de que los Balzac-Báez tienen participación en

Contra dicho dictamen, los hermanos Balzac-Báez recurrieron ante nos señalando como errores el que el tribunal: (1) no resolviera la solicitud de nombramiento de contador partidor a pesar de que los Balzac-Hernández aceptaron los hechos fundamentales de la misma; (2) decretara una administración judicial sin seguir el procedimiento en ley en ausencia total de prueba; (3) *pusiera una corporación bona fide bajo administración judicial sin darle oportunidad de ser oída* (ya que no era parte en el pleito); (4) designara dos administradores judiciales con el mismo propósito creando así un caos en el manejo del negocio; y (5) eximiera a los mismos de prestar fianza por el solo hecho de no haber menores ni incapaces.

## I

La decisión de esta controversia exige apuntar brevemente los preceptos sustantivos de nuestro Código Civil y las disposiciones procesales pertinentes.

▉▉▉ Primeramente, debemos recordar que nuestro derecho vigente no obliga a ningún heredero a permanecer en la indivisión de la herencia, excepto cuando el testador lo haya prohibido, aunque sin perjuicio de las legítimas, Código Civil, Art. 1005, 31 L.P.R.A. sec. 2871; que toda herencia se puede dividir por cualquiera de las causas de extinción de la sociedad, 31 L.P.R.A. sec. 2871; y que cualquier heredero que tenga la libre administración y disposición de sus bienes podrá pedir la división, haciéndolo por los incapaces y ausentes sus representantes legítimos, 31 L.P.R.A. sec. 2872.

La partición puede ser extrajudicial o judicial. Conforme lo sugiere esta terminología, la primera se hace sin intervención del tribunal, por acuerdo unánime de los herederos

---

condominio con la de Genaro Balzac Vélez en varios bienes de la herencia, inclusive las acciones de la corporación y de que los bienes que producen ingresos están siendo administrados cuestionablemente por los Balzac-Báez". Se hace eco el juez de las alegaciones de los Balzac-Hernández en el sentido de que no saben nada de cómo se están administrando esos bienes y que ello les perjudica. *South P.R. Sugar Corp.* v. *Junta Azucarera*, 88 D.P.R. 43 (1963).

Finalmente, al nombrar los administradores judiciales, exime a éstos de la prestación de fianza.

mayores de edad cuando el testador no la hubiese hecho o encomendado a otro hacerla—31 L.P.R.A. sec. 2877—y la judicial se realiza con intervención del tribunal, 31 L.P.R.A. sec. 2872; y según indicamos en *Lugo Estrada* v. *Tribunal Superior*, 101 D.P.R. 231, 235–36 (1973), citando a Castán, "tiene un carácter extraordinario o subsidiario ya que la tendencia uniforme del Derecho es que ésta se verifique como último recurso, pues es cuando no hay acuerdo entre los herederos, que se acude a la costosa y dilatoria vía judicial".

▇▇▇▇ Para la ejecución del derecho y la partición judicial—cuando los herederos mayores de edad no están de acuerdo—el Art. 1012 del Código Civil nos remite a "los preceptos sobre procedimientos legales especiales". 31 L.P.R.A. sec. 2878. [3] La Ley de Procedimientos Legales Especiales establece las instituciones del contador partidor y el administrador judicial. Sobre su ámbito conceptual, hemos anteriormente dicho que la intención del referido artículo del Código Civil es conferir a los herederos el mismo derecho que tiene un albacea al amparo del Art. 67 de aquella ley, hoy, el Art. 600 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2621, a saber, pedir en caso de desacuerdo entre los herederos, el nombramiento de un contador partidor. [4] Véase *López Valdés* v. *Tribunal Superior*, 96 D.P.R. 779, 786–787 (1968).

▇▇▇ Ahora bien, la remisión del Art. 1012 del Código Civil, a "los preceptos de la Ley de Procedimientos Legales Especiales", también comprende y abarca las disposiciones

---

[3] Para comentarios sobre los equivalentes en el Código Español de los artículos que nos ocupan, véanse: Prieto Cobos, *Ejercicio de las Acciones Civiles*, T. 2, Vol. 1, pág. 470 y ss.; Puig Peña, *Compendio de Derecho Civil Español*, Vol. VI, pág. 36 y ss; Diego Espín Cánovas, *Manual de Derecho Civil Español*, Vol. V, pág. 141 y ss.; J. Santamaría, *Comentarios al Código Civil*, T. 1, pág. 981 y ss.

[4] Dicho Art. 600, dispone que "Cuando un albacea o administrador estuviere en posesión de todo el caudal, y hubiese satisfecho o tuviese en su poder bienes bastantes para satisfacer las deudas y gastos de la administración, deberá pedir al Tribunal Superior el nombramiento de un contador para practicar la división de la herencia, siempre que el testador no lo haya nombrado en su testamento." *Labarthe et al.* v. *Neumann*, 23 D.P.R. 689 (1916), revocado por otros motivos en *Ex Parte Del Valle*, 69 D.P.R. 663 (1949).

sobre administración judicial del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2361 y ss. Esta conclusión queda corroborada de una lectura del Art. 600 del Código de Enjuiciamiento Civil, *supra*, que al proveer para el nombramiento de un contador partidor, contempla que se haya nombrado antes un administrador judicial, pues dispone que "el albacea o *administrador*" podrán pedir ese contador.

■ A tono con este enfoque, previamente habíamos decidido que aun cuando concurran las condiciones para el nombramiento de un contador partidor de acuerdo al Art. 67, ello no impide que proceda antes el nombramiento de un administrador judicial. *Cabanillas* v. *Torrent*, 32 D.P.R. 42, 46 (1923).

■ Es erróneo pues, el argumento de la parte peticionaria de que existiendo desacuerdo entre los herederos en cuanto a cómo hacer la partición, sólo procede el nombramiento de un contador partidor y no el nombramiento de un administrador judicial. Depende en última instancia del trasfondo de hechos. Inclusive, pueden mediar circunstancias como la de autos en que procedan ambos nombramientos: el administrador para dirigir y proteger los intereses de la totalidad de la herencia, mientras el contador partidor realiza su misión de distribución formando las hijuelas que correspondan.

## II

Lo expuesto no dispone del recurso. El peticionario impugna el nombramiento de los administradores judiciales por el fundamento de no concurrir en el caso las circunstancias visualizadas en la ley para su procedencia:

"Cuando todos o alguno de los herederos estén ausentes y no tengan representante legítimo en la jurisdicción del último domicilio de la persona finada, o lugar donde radiquen sus bienes, o cuando un heredero o legatario sea menor o esté incapacitado, y no esté representado por su padre o madre o por un tutor que haya prestado fianza con arreglo a la ley, será necesaria la administración judicial de los bienes del testador." 32 L.P.R.A. sec. 2363.

■ No tiene razón. Del lenguaje de este artículo se infiere que el mismo contempla las circunstancias donde es *necesaria* la administración judicial. El precepto no expone ni excluye otras circunstancias. *Finlay, Waymouth & Lee y C. Armstrong e Hijos*, 42 D.P.R. 845, 851 (1931).

■ Ahora bien, entrando en los méritos de la petición de administración judicial propiamente, tenemos que considerar lo dispuesto en el Art. 23 del Código de Enjuiciamiento Civil, que en casos de sucesión intestada "cualquier heredero forzoso . . . podrá mediante una petición debidamente justificada en que se demuestren los hechos necesarios, solicitar la administración judicial de los bienes de [la] persona finada". 32 L.P.R.A. sec. 2361.

■ Respecto a cuales hechos justifican el nombramiento, no hay que alegar ni recurrir a ninguna frase especial o talismánica. Basta aducir: (1) la muerte del causante; (2) que no dejó testamento válido, según los informes y creencias del peticionario, especificándose la procedencia y fundamento de tales informes y creencias; (3) el interés y derecho de acción del peticionario; (4) los nombres y respectivos domicilios de las demás personas con derecho a heredar en los bienes del finado; y (5) que el finado dejó bienes sujetos a partición, expresando la cuantía y naturaleza de los mismos, 32 L.P.R.A. sec. 2361. En *Planellas* v. *Pastrana*, 63 D.P.R. 285, 290 (1944), expresamos que "el objeto del nombramiento de un administrador judicial de los bienes de un finado es incautarse de esos bienes y conservarlos y defenderlos para que puedan ser distribuidos más tarde entre las personas que puedan tener derecho a recibirlos como herederos. . .".

■ En el presente caso los recurridos hicieron alegaciones que implicaban peligro e inseguridad para los bienes. La administración judicial es el mecanismo adecuado para atender esa situación. Nada impedía que el juez de instancia así lo estimara. Sin embargo, la parte peticionaria hace una última impugnación del nombramiento, a base de que la petición no estaba jurada y no expresaba cabalmente las

circunstancias exigidas. El propósito de requerir se juren las alegaciones exigido en la ley es dar fuerza a las mismas, pues de su veracidad depende que proceda o no el administrador. En el caso de autos, el decreto judicial contenido en la Declaratoria de Herederos previamente dictada, dejó establecido el fallecimiento del causante y la capacidad, condición, interés y derecho, como herederos, de los peticionarios. También en la propia solicitud sobre nombramiento de contador partidor, se relacionaron todos los bienes, sus valores y demás circunstancias. En vista de ello, desaparece la fuerza del argumento en apoyo de esta objeción. Resolvemos que todos los requisitos exigidos para una administración judicial constaban completa y verazmente en autos. Por ende, la necesidad del juramento y la formulación integral de tales alegaciones era innecesaria. Como foro de última instancia, hemos estado siempre alerta de no privar a un heredero de su derecho a pedir la administración judicial, por sutilezas técnicas como la falta de juramento de una petición. Compárese *Sánchez* v. *Corte*, 69 D.P.R. 493 (1949). Sobre este particular, nos hemos pronunciado sobre la deseabilidad de que la declaratoria de herederos sea tramitada *antes* de pedirse la administración judicial. *Fortis* v. *Fortis*, 25 D.P.R. 69, 75 (1917).

### III

En el caso de autos, existe la declaración de herederos y por tanto no hay duda en cuanto a la cualidad de los peticionarios. Reiteramos que no erró el tribunal a quo al conceder el nombramiento de un administrador judicial.

Sin embargo, entendemos que su resolución debe ser modificada en varios sentidos. En primer lugar, tiene razón la parte peticionaria en cuanto a que no procedía que se decretase la administración judicial de la corporación G. Balzac & Cía., Sucrs., Inc. Dicha entidad bajo la Ley General de Corporaciones es una personalidad distinta y separada de la del causante Don Genaro Balzac. La corporación en sí no

forma parte de la herencia. Lo que está incluido en la masa hereditaria son las acciones poseídas por Don Genaro Balzac. Las alegaciones y prueba de los Hermanos Balzac-Hernández tendentes a demostrar mala administración, no pueden considerarse suficiente en derecho para descorrer el velo corporativo. Las mismas no imputan fraude. Lo que reflejan sencillamente es una mala administración que debe ser corregida y superada a la brevedad posible. Tampoco se ha probado con ello que la personalidad corporativa se esté usando para derrotar la política pública, justificar la inequidad ni defender el crimen. *South P.R. Sugar Corp.*, supra.

Claramente el nombramiento de un administrador judicial debe entenderse limitado a las acciones poseídas por Don Genaro y a otros bienes de su patrimonio personal. En cuanto a las acciones, el administrador pasará a hacer el mejor uso de ellas y de las facultades a ellas inherentes, y en el descargo de sus funciones, tendrá a su disposición los mecanismos que la Ley de Corporaciones ofrece a todo accionista para defender sus intereses cuando estima que la corporación está siendo mal administrada. Debe designarse un contador partidor por cuanto todos los herederos están de acuerdo con la tasación y valoración de bienes. Existe conflicto sobre *cómo* dividirlos.

Decidimos, además, que debe modificarse la resolución en cuanto a que la misma nombró dos administradores judiciales. Concordamos con el peticionario de que del lenguaje de todo el artículo sobre administración judicial, se infiere que el legislador, como regla general, tuvo en mente la designación de un solo administrador, pensando que ello traería menos problemas ante la dinámica humana de que habiendo más de uno, tendrían necesariamente que ponerse de acuerdo, lo cual en lugar de aligerar, muy probablemente complicaría y retrasaría los procedimientos. Nótese que el artículo que sirve de guía en cuanto a quién nombrar, apunta también hacia la conclusión de que sea una sola persona la que administre judicialmente la herencia, ya sea el cónyuge

supérstite, o el heredero de mayor participación en la herencia, o cuando hubiesen objeciones, *un* extraño de reconocida capacidad y honradez. 32 L.P.R.A. sec. 2369. No están presentes en el caso de autos, circunstancias de excepción que ameriten apartarse de la regla general.

▮ Debemos también modificar la resolución en cuanto a la omisión sobre prestación de fianza. El Art. 565 del Código de Enjuiciamiento Civil es claro:

"La persona nombrada prestará fianza en la cuantía que fijare el juez, a no ser relevada de este requisito por los interesados mayores de edad y con capacidad para ello, en cuyo caso la fianza será proporcionada al interés de los que por ser menores o incapacitados, no pudieron suscribir la relevación." 32 L.P.R.A. sec. 2370.

En el caso de autos, los administradores nombrados no fueron relevados de ese requisito por los interesados, mayores de edad.

*Se dictará sentencia expidiendo el auto y modificando la resolución del Tribunal Superior, Sala de Mayagüez, a los fines de establecer que en la administración judicial decretada, en adición a otros bienes del causante Genaro Balzac, sólo estarán comprendidas las acciones por él poseídas y no la corporación G. Balzac & Cía., Sucrs. Inc.; revocándose asimismo los nombramientos de Genaro Balzac Hernández y Genaro Olivares Balzac como coadministradores, debiendo dicho foro designar un solo administrador de conformidad con los criterios legales pertinentes, fijando la fianza correspondiente, salvo relevo de los interesados en la herencia, quienes son todos mayores de edad; y ordenándole que designe también un contador partidor. Así modificada, será confirmada.*

El Juez Asociado Señor Rigau no intervino.