ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CRISTINA BEATRIZ BLANCO CUADRA Y DR. ROLANDO BLANCO CUADRA<br><br>Apelantes<br><br>v.<br><br>ROSA CUADRA MARTÍNEZ, DANIEL LUIS BLANCO CUADRA, TÍA MARÍA, INC., BODEGA TÍA MARÍA, INC.<br><br>Apelados | KLAN202401127 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10408<br><br>Sobre: Acción en Protección de la Comunidad Hereditaria, Solicitud de Orden y Coadministración |

Panel integrado por su presidenta, la Jueza Álvarez Esnard, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2026.

Compareció la Sra. Cristina Beatriz Blanco Cuadra y el Sr. Rolando Blanco Cuadra (en adelante, "demandantes" o "apelantes") mediante el recurso de apelación de epígrafe presentado el 17 de diciembre de 2024. Nos solicitan la revisión de la *Sentencia Parcial Enmendada* emitida el 20 de noviembre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro de Instancia"). En la aludida sentencia, el foro de Instancia desestimó la causa de acción presentada contra Tía María, Inc. y Bodegas Tía María, Inc., toda vez que los demandantes no eran accionistas de las mencionadas corporaciones.

Por los fundamentos que expondremos a continuación, se **confirma** la *Sentencia Parcial Enmendada* apelada.

---

[1] Mediante la Orden Administrativa OATA-2025-070 emitida el 9 de mayo de 2025 se designó a la Jueza Alicia Álvarez Esnard en sustitución del Juez Abelardo Bermúdez Torres.

**-I-**

El 6 de noviembre de 2023, los demandantes presentaron *Demanda[2]* contra la Sra. Rosa Cuadra Martínez (en adelante, "señora Rosa"), el Sr. Daniel Luis Blanco Cuadra (en adelante, "el señor Daniel"), las corporaciones Tía María, Inc. y Bodega Tía María, Inc. Allí los demandantes alegaron que eran hijos procreados por el Sr. Rolando Blanco D'arcy (en adelante, "señor Blanco") y la señora Rosa. Adujeron que, tras la muerte del señor Blanco, son los herederos universales de su caudal junto al señor Daniel y la señora Rosa. Además, argumentaron que el señor Daniel ha impedido el acceso a la información económica de las corporaciones Tía María, Inc. y Bodega Tía María, Inc. pertenecientes al caudal del señor Blanco. Asimismo, sostuvieron que el señor Daniel utiliza como residencia una propiedad localizada en Luquillo sin el consentimiento de la comunidad hereditaria del señor Blanco. Por lo cual, solicitaron al foro de Instancia que le ordenara al señor Daniel permitir el acceso a los reportes de ventas diarias de los negocios, incluyendo el dinero en efectivo que generan, gastos e ingresos. Por último, solicitaron la coadministración de los negocios y el uso y disfrute de la propiedad localizada en Luquillo.

El 2 de enero de 2024, la señora Rosa presentó su *Contestación a Demanda.[3]* Por un lado, sostuvo que la corporación Tía María, Inc. pertenecía en un 66% a la sociedad legal de ganancial y un 34% al señor Daniel. De otra parte, señaló que no tiene conocimiento personal sobre la administración ni titularidad de la corporación Bodega Tía María, Inc.

El 10 de enero de 2024, el señor Daniel instó su *Contestación Enmendada a Demanda.[4]* Allí reiteró los argumentos de la señora

---

[2] Apéndice, anejo 2, págs. 1-18.
[3] Apéndice, anejo 21, págs. 80-87.
[4] Apéndice, anejo 23, págs. 89-129.

Rosa y explicó que la comunidad hereditaria del señor Blanco tiene una participación del 33% en la corporación Tía María, Inc. Por lo cual, adujo que ni la Ley de Corporaciones ni el Código Civil de 2020 permite que una comunidad hereditaria tome el control de una corporación y mucho menos cuando las acciones del causante son minoritarias, hasta tanto surja la partición o se nombre un administrador judicial. Además, sostuvo que era dueño del 100% de las acciones de la corporación Bodega Tía María, Inc. Asimismo, instó una reconvención sobre difamación y daños y perjuicios.

El 12 de enero de 2024, la corporación Tía María, Inc. presentó una *Moción de desestimación parcial*.[5] Alegó que los demandantes no tenían derecho a ninguno de los remedios que solicitan en la *Demanda*, ya que no son accionistas en su carácter individual hasta que se realice la partición de la herencia. Además, señaló que aun cuando los demandantes tuviesen acciones solo tendrían derecho a la información a la que hace referencia el Artículo 7.10 de la Ley de Corporaciones. Por tanto, argumentó que procedía la desestimación de la demanda incoada en su contra.

En igual fecha, la corporación Bodega Tía María, Inc. instó su *Moción de desestimación parcial*.[6] Argumentó que no pertenece a la herencia del señor Blanco, ya que este no era accionista. Anejó una *Declaración Jurada*[7] suscrita por el señor Daniel, en la cual este último declaró que era el único accionista de la corporación Bodega Tía María, Inc. Además, adoptó por referencia el argumento de la corporación Tía María, Inc. sobre que ser miembro de una comunidad hereditaria no los convierte automáticamente en accionistas, sino que antes debe realizarse la partición. Por lo cual, solicitó la desestimación de la acción incoada en su contra, ya que

---

[5] Apéndice, anejo 25, págs. 137-146.
[6] Apéndice, anejo 26, págs. 147-152.
[7] *Id.,* págs. 151-152.

esta no justifica la concesión de un remedio al amparo de la Regla 10.2(5) de Procedimiento Civil.

Consecuentemente, el 26 de enero de 2024, los demandantes contestaron ambas solicitudes de desestimación.[8] En esencia, reiteraron sus anteriores argumentos y añadieron que una estrategia para ocultar evidencia, no contestar los interrogatorios y privarlos de su participación en la comunidad hereditaria.

Luego, el 15 de febrero de 2024, la corporación Bodega Tía María, Inc. presentó una *Réplica a oposición a moción de desestimación parcial.*[9] Allí enfatizó que había presentado una *Declaración Jurada* como anejo a su solicitud de desestimación. Asimismo, adjuntó una documentación preparada por el Banco Popular de Puerto Rico como prueba demostrativa de que el señor Daniel es el dueño del 100% de las acciones de la corporación Bodega Tía María, Inc.[10]

El 23 de mayo de 2024, el señor Daniel solicitó al Tribunal que tomara conocimiento judicial sobre la demanda de partición —relacionada a la comunidad hereditaria del señor Blanco— presentada ese mismo día en el caso SJ2024CV04630.[11]

Así las cosas, el 15 de julio de 2024, el foro de Instancia emitió y notificó *Sentencia Parcial.* En esta, denegó la solicitud de los demandantes para nombrar un síndico y la coadministración, toda vez que no se demostró que las corporaciones estuvieran insolventes o que existiera un empate entre los accionistas y/o directores conforme el Artículo 7.16 de la Ley de Corporaciones, *infra.* Además, determinó que la solicitud de información sobre la actividad económica de las corporaciones, así como la determinación de quiénes son sus accionistas, es materia de prueba. Por lo cual, el

---

[8] Apéndice, anejos 36 y 37, págs. 162-178.
[9] Apéndice, anejo 50, págs. 223-226.
[10] *Id.,* págs. 225-226.
[11] Apéndice, anejo 75, págs. 392-393.

foro de Instancia denegó desestimar esa causa de acción contra la corporación Tía María, Inc. y la corporación Bodega Tía María, Inc.

En desacuerdo, el 26 de julio de 2024, la corporación Tía María, Inc. instó una *Solicitud de reconsideración de sentencia parcial.*[12] Alegó que los demandantes no tienen derecho a solicitar información corporativa, ya que no son accionistas de la corporación, sino meramente miembros de una comunidad hereditaria cuya partición no se ha realizado. Además, señaló que aun cuando los demandantes fueran accionistas de la corporación, estos no han cumplido con el proceso del Artículo 7.10 de la Ley de Corporaciones, *infra.* Por lo cual, solicitó al foro de Instancia que reconsiderara su determinación y desestimara la *Demanda* instada en su contra, toda vez que su continuación tendría el efecto de violar la Ley de Corporaciones y trastocar el pleito de partición ya iniciado.

Igualmente, el 29 de julio de 2024, los demandantes presentaron su moción de reconsideración.[13] Allí solicitaron al foro de Instancia que dejara en suspenso su determinación sobre la improcedencia de la coadministración o administración judicial hasta que adjudicara la titularidad de las acciones de ambas corporaciones, así como sus ingresos y gastos. Estos reafirmaron que el señor Daniel ha estado manejando las corporaciones que pertenecen a la comunidad hereditaria sin informar a los herederos.

Por su parte, el 31 de agosto de 2024, el señor Daniel instó su *Oposición a moción de reconsideración.*[14] En esencia, alegó que la *Sentencia Parcial* se encuentra correctamente apoyada por *Ab Intestato Balzac Vélez,* 109 DPR 670 (1980), la Ley de Corporaciones y la Regla 7.2 de Procedimiento Civil. Por tanto, sostuvo que procedía denegar la reconsideración de nombrar un administrador

---

[12] Apéndice, anejo 96, págs. 528-534.
[13] Apéndice, anejo 97, págs. 535-544.
[14] Apéndice, anejo 114, págs. 653-666.

judicial o coadministrador y continuar el presente caso en paralelo con el pleito de partición hereditaria.

Por su parte, el 6 de septiembre de 2024, la corporación Bodega Tía María, Inc. presentó una moción en la cual se unió a las posturas del señor Daniel y de la corporación Tía María, Inc. en relación con la solicitud de reconsideración presentada por los demandantes.[15]

El 20 de noviembre de 2024, el foro de Instancia consolidó el caso de epígrafe con el caso SJ2024CV04630, ya que ambos pleitos tenían cuestiones comunes de hechos.[16]

En igual fecha, el foro de Instancia emitió y notificó *Resolución Interlocutoria Enmendada* en la cual denegó la solicitud de reconsideración de los demandantes.[17] En particular, determinó como sigue:

> En este caso los demandantes no son accionistas de T[í]a María en este momento, tampoco se ha determinado que se les haya asignado acciones en la liquidación del caudal por lo tanto al amparo de la Ley General de Corporaciones de Puerto Rico 14 L.P.R.A. sec. 3501 y siguientes no procede la solicitud de información de la actividad económica de la corporación. El Sr. Rolando Blanco D'arcy tenía acciones en la corporación T[í]a María. Al morir el Sr. Blanco D'arcy los herederos adquieren un interés en el caudal hereditario. El caudal incluye acciones de T[í]a María, sin embargo[,] hasta que no se termine la partición y no se distribuyan los activos no podemos determinar quién es accionista. Es la posición de T[í]a María que van a proveer la información necesaria para completar el avalúo y liquidación en este caso, pero deberá ser solicitada conforme a derecho.
>
> Por lo tanto[,] procede la reconsideración solicitada y se desestima la causa de acción de solicitud de información con relación a la actividad económica de T[í]a María y de Bodegas T[í]a María.[18]

En consideración a lo anterior, el 21 de noviembre de 2024, el foro de Instancia emitió *Sentencia Parcial Enmendada* para incorporar la improcedencia de la solicitud de información económica de las corporaciones y declarar ha lugar la solicitud de

---

[15] Apéndice, anejo 120, pág. 701.
[16] Apéndice, anejo 154, págs. 853-854.
[17] Apéndice, anejo 155, págs. 855-856.
[18] *Id.*, pág. 856.

desestimación presentadas por estas.[19] En lo pertinente, el foro

Instancia expresó como sigue:

> Como dijéramos en la resolución enmendada el 20 de noviembre de 2024, los herederos tienen interés en un caudal que incluye acciones de T[í]a María. Sin embargo, no podemos determinar que un heredero particular es accionista hasta que no se culmine la partición del caudal. Si bien los herederos tienen derecho a solicitar toda aquella información pertinente para el inventario, avalúo y liquidación del caudal hereditario la solicitud de información no puede exceder aquella permitida por la Ley General de Corporaciones y debe hacerse conforme a derecho. Discutido esto en corte abierta T[í]a María coincide en que si la información fuera solicitada por un administrador judicial y dentro del marco de un inventario y avalúo y para los fines de liquidar la herencia no habría controversia en entregar la información. Esto no debe interpretarse como que T[í]a María estaría de acuerdo a entregarle a un administrador [los] reportes de ventas diarias de los negocios, incluyendo el dinero en efectivo que se genera, los gastos e ingresos. Sino que entiende que la solicitud de información la debe hacer un administrador judicial y que el alcance de la solicitud debe ser conforme a derecho. Por lo que no se le[s] niega el derecho a los demandantes a obtener la información, siempre que la misma se solicite conforme a derecho.
>
> En cuanto a Bodegas T[í]a María, Inc. en su solicitud de desestimación presentó una declaración jurada donde establece que el Sr. Blanco D´arcy no era accionista, ni incorporador de la codemandada Bodegas.
>
> Por lo antes discutido y siguiendo el estándar aplicable a las solicitudes al amparo de la regla 10.2, 32 L.P.R.A. Ap. V R 10. Esto es, dando por cierto los hechos bien alegados, que no dejen duda e interpretándolos libremente de la manera más favorable para la parte demandante declaramos ha lugar la desestimación tanto para T[í]a Maria Inc. como para Bodegas T[í]a María.[20]

Aun inconforme, el 17 de diciembre de 2024, los demandantes

acudieron ante nos mediante el recurso de epígrafe y señalaron la

comisión de los errores siguientes:

1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LOS DEMANDANTES APELANTES NO SON ACCIONISTAS DE LA CORPORACIÓN TÍA MARÍA, INC. LUEGO DEL FALLECIMIENTO DE SU PADRE, EL CAUSANTE, ROLANDO BLANCO D'ARCY CUADRA TODAS LAS ACCIONES DE LA CORPORACIÓN TÍA MARÍA[,] INC. Y BODEGA TÍA MARÍA, INC.

2. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LOS DEMANDANTES APELANTES NO SON ACCIONISTAS DE LA CORPORACIÓN BODEGA TÍA MARÍA, INC., A BASE DE UNA MOCIÓN DE DESESTIMACIÓN SUSTENTADA POR UNA DECLARACIÓN JURADA, SIN PERMITIRLE EL DESCUBRIMIENTO DE PRUEBA.

---

[19] Apéndice, anejo 157, págs. 858-862.
[20] *Id.,* págs. 861-862.

3. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PARALIZAR TODO DESCUBRIMIENTO DE PRUEBA EN EL CASO, Y NO RESOLVER LAS DOS MOCIONES SOBRE OBJECIONES A LAS CONTESTACIONES AL INTERROGATORIO Y PRODUCCIÓN DE DOCUMENTOS.

4. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESCONOCER LAS DISPOSICIONES SOBRE SUCESIONES DEL NUEVO CÓDIGO CIVIL DE 2020, EN LO QUE RESPECTA A LA COMUNIDAD HEREDITARIA Y LA PROTECCIÓN DE LOS ACTIVOS DE LA MISMA.

Consecuentemente, Tía María, Inc. y Bodega Tía María, Inc. presentaron sus respectivos alegatos en oposición al recurso de epígrafe.

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Sucesiones**

Nuestro ordenamiento jurídico vigente establece que la *sucesión por causa de muerte* constituye la transmisión de los derechos y de las obligaciones del causante que no se extinguen por su fallecimiento. Art. 1546 del Código Civil, 31 LPRA sec. 10911. Particularmente, en Puerto Rico existen varios tipos de transmisión sucesoria; a saber: la testamentaria, intestada o mixta. Art. 1548 del Código Civil, 31 LPRA sec. 10913. En lo aquí pertinente, la sucesión intestada es la que establece la ley cuando no existen o no rigen disposiciones testamentarias. Art. 1550 del Código Civil, 31 LPRA sec. 10915. Es decir, la sucesión intestada surge cuando el causante muere sin testamento, o cuando el testamento es ineficaz o insuficiente. Art. 1719 del Código Civil, 31 LPRA sec. 11431.

Ahora bien, la apertura de la sucesión ocurre al momento de la muerte del causante. Art. 1547 del Código Civil, 31 LPRA sec. 10912. A partir de ese momento, surge una comunidad hereditaria en la cual concurren varios llamados a la herencia con derechos

expresados en cuotas abstractas. Art. 1599 del Código Civil, 31 LPRA sec. 11071. Por ello, el Tribunal Supremo ha reiterado que los bienes del caudal hereditario pertenecen proindiviso a los miembros de la comunidad hereditaria. *Cruz Pérez v Roldan Rodríguez et al.*, 206 DPR 261 (2021); *Soc. de Gananciales v. Registrador,* 151 DPR 315 (2000). Esto es, mientras no se efectué la partición de la herencia, los herederos no tienen un derecho concreto sobre los bienes hereditarios, sino un derecho en el complejo hereditario. M. Garay Aubán (Compilador), *Código Civil, Sucesiones,* 2da ed., Ediciones SITUM, 2021, Tomo 5, pág.87; citando a J. Castán Tobeñas, *Derecho Civil Español Común y Floral*, Tomo VI, Vol.5, 8va ed., 1978, pág. 295. No obstante, la comunidad hereditaria carece de personalidad jurídica, es decir, "no es una entidad legal independiente de los herederos". Art. 1600 del Código Civil, 31 LPRA sec. 11072; *Vilanova et al. v. Vilanova et al.*, 184 DPR 824, 843 (2012).

Asimismo, se ha reconocido que la herencia está compuesta por los derechos y obligaciones transmisibles por causa de la muerte del causante, así como las donaciones computables. Art. 1552 del Código Civil, 31 LPRA sec. 10917. Relacionado a la controversia del caso de epígrafe, el Tribunal Supremo ha sostenido que las acciones poseídas en una corporación son parte de la caudal hereditario, no la corporación en sí. *Ab Intestato Balzac Vélez,* 109 DPR 670, 680-681 (1980).

En cuanto a la administración de la herencia, nuestro Código Civil incorporo la figura del "ejecutor" como "la persona natural o jurídica encargada de realizar actos en beneficio de la herencia o de hacer la partición". Art. 1728 del Código Civil, 31 LPRA sec. 11491. A su vez, el ordenamiento divide la figura del "ejecutor" en tres clases distintas, a saber: el albacea, el administrador y el contador partidor. Arts. 1739, 1742 y 1747 del Código Civil, 31 LPRA

secs. 11511, 11521, 11531. No obstante, cada tipo de ejecutor cuenta con sus funciones y poderes designados por ley. A tales efectos, cuando a un ejecutor se le designa las encomiendas y facultades correspondientes a las tres figuras previamente mencionadas, se le conoce como un *ejecutor universal.* Art. 1732 del Código Civil 1 LPRA sec. 11495.

En lo aquí pertinente, "[e]l administrador de la herencia es la persona designada para que adopte todas las medidas dirigidas a conservar el patrimonio hereditario y aumentarlo, en lo posible, hasta que pueda distribuirse entre las personas que tienen derecho a recibirlo". Art. 1742 del Código Civil, 31 LPRA sec. 11521. Incluso, los herederos están facultados por ley para designar a un administrador si el causante no lo designó, y a falta de acuerdo, podrá ser designado por el tribunal. Art. 1743 del Código Civil, 31 LPRA sec. 11522. Las personas legitimadas a solicitar tal designación son: (1) el albacea; (2) los legitimarios; (3) los herederos o los legatarios; y (4) el acreedor de la herencia con título escrito. Art. 1744 del Código Civil, 31 LPRA sec. 11523. No obstante, el tribunal para determinar la designación deberá tomar en cuenta el orden de prelación siguiente: (1) el cónyuge supérstite; (2) los herederos; (3) el albacea; (4) los parientes; (5) los acreedores; y (6) cualquier otra persona. Art. 1745, 31 LPRA sec. 11524. En ausencia de expresión del testador, el administrador designado tendrá las facultades siguientes: (1) conservar los bienes y procurar que produzcan las rentas, los productos y las utilidades que correspondan; (2) vender oportunamente los frutos y depositar su importe junto a los demás fondos de la herencia; (3) cobrar créditos y cancelar sus garantías; (4) hacer y retirar depósitos; (5) pagar deudas; y (6) realizar aquellas gestiones propias de una buena administración y necesarias para el buen cumplimiento de la encomienda. Art. 1746, 31 LPRA sec. 11525.

**B. Corporaciones**

La Ley Núm. 164-2009, según enmendada, conocida como Ley General de Corporaciones, 14 LPRA sec. 3501 *et seq.* (en adelante, "Ley de Corporaciones"), tiene la finalidad de agilizar la gestión corporativa y flexibilizar las operaciones a las puedan dedicarse las corporaciones en Puerto Rico. De manera que "es el estatuto que rige la existencia y vida jurídica de las corporaciones privadas en nuestra jurisdicción". *Colón Vázquez v. Báez Pérez*, 2024 TSPR 104, 214 DPR ___ (2024). El precitado estatuto crea una ficción jurídica mediante el cual reconoce a las corporaciones como entidades con personalidad jurídica propia, distinta e independiente a las de sus accionistas, directores y oficiales. *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015); *Multinational Ins. v. Benítez y otros*, 193 DPR 67, 76 (2015). En particular, nuestro Tribunal Supremo ha expresado que:

> La figura de la corporación facilita el desarrollo de empresas porque se le reconoce una personalidad jurídica distinta a la de sus dueños o miembros, quienes por lo general no responderán con sus bienes personales por los actos de la corporación, sino hasta el monto de su inversión. C.E. Díaz Olivo, *Corporaciones*, San Juan, Publicaciones Puertorriqueñas, 2005, pág. 11.

*Santiago et al. v. Rodríguez et al.*, 181 DPR 204, 214 (2011).

Particularmente, la Ley de Corporaciones permite la designación de un administrador judicial o síndico cuando: (i) la corporación esta insolvente o disuelta; (ii) en caso de empate entre los accionistas para la elección de directores o entre los directores sobre asuntos relacionados a la administración; (iii) la corporación abandonó sus negocios sin tomar medidas relacionadas a sus activos; (iv) la corporación se niega a cumplir con cualquier orden judicial; y (v) se trata de una corporación íntima en la cual sus negocios están perjudicándose o amenazados por daños irreparables. Véase, 14 LPRA secs. 3656, 3709, 3782 y 3835.

**C. Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado —ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero— a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio,** o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, **no aduce una reclamación que justifique la concesión de un remedio**, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., Lexis Nexis, 2017, pág. 309. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y

> considerarlos de la forma más favorable para la parte demandante. Bajo este criterio, se desestimará una demanda solo si surge que "carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. En otras palabras, los tribunales evaluarán "'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".

*Blassino, Reyes v. Reyes Blassino*, supra, pág. 834 (citas omitidas).

Por último, la Regla 10.2 de las de Procedimiento Civil puntualiza que:

> Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción **deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final**, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

32 LPRA Ap. V, R. 10.2 (Énfasis suplido).

Es decir, el promovente de una moción bajo el quinto inciso de la Regla 10.2 de las de Procedimiento Civil, *supra*, que impugne o derrote la veracidad de los hechos deberá cumplir con todos los requisitos de la solicitud de sentencia sumaria para que esta sea considerada por el tribunal. *Íd.*, R. 10.2 y R. 36.3; véase *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso ante nuestra consideración, los apelantes plantearon la comisión de cuatro (4) errores. Atenderemos en conjunto el primer y cuarto señalamiento de error por estar relacionados entre sí. En síntesis, los apelantes alegan que erró el foro de instancia al determinar que no son accionistas de las corporaciones pertenecientes a la comunidad hereditaria del señor

Blanco, en el cual son herederos universales. Además, sostienen que el foro de instancia desconoce las disposiciones del Código Civil de 2020 sobre las sucesiones, la comunidad hereditaria y las maneras para proteger sus activos.

Ciertamente, surge del expediente que, los apelantes junto a la señora Rosa y el señor Daniel son los herederos del caudal hereditario del señor Blanco. Asimismo, consta en el expediente que los apelantes alegan que las corporaciones Tía María, Inc. y Bodega Tía María, Inc. pertenecen al mencionado caudal hereditario. A base de ello, los apelantes solicitan tener acceso a la información económica de las corporaciones, ya que alegan son los accionistas por ser herederos universales del señor Blanco.

Ante esto, conviene resaltar que nuestra jurisprudencia ha reafirmado que las acciones poseídas en una corporación son parte de la caudal hereditario, no así la corporación. *Ab Intestato Balzac Vélez*, supra. En otras palabras, no puede concluirse que las corporaciones *per se* son parte de la comunidad hereditaria, sino que las acciones que pudo haber tenido el señor Blanco en las corporaciones Tía María, Inc. y Bodega Tía María, Inc., si alguna, son parte de la herencia a la que tienen derecho sus herederos. Por lo tanto, la comunidad hereditaria del señor Blanco tiene derecho sobre las acciones de las corporaciones expresado en cuotas abstractas hasta que se efectué la partición de la herencia. Esto es, los miembros de la comunidad hereditaria del señor Blanco solo tienen una participación alícuota sobre las acciones de las corporaciones, no un derecho concreto sobre estas.

Sin embargo, tras examinar el expediente, consta que la comunidad hereditaria del señor Blanco no ha realizado la partición de esta. Tanto es así que el foro de instancia consolidó y tiene pendiente el caso SJ2024CV04630 —que trata una demanda sobre la partición de la comunidad hereditaria del señor Blanco— con el

caso de epígrafe, ya que ambos pleitos están relacionados. Entiéndase que, una vez se divida y adjudique todo el patrimonio del señor Blanco, entonces podrá conocerse si las acciones serán propiedad de uno o varios de sus herederos. Así que, concluimos que los apelantes no son accionistas de las referidas corporaciones meramente por ser miembros de la comunidad hereditaria del señor Blanco.

Una vez discutido lo anterior, es menester aclarar que, si bien nuestro ordenamiento reconoce medidas cautelares para proteger los activos de la comunidad hereditaria, ello no opera de manera automática y es necesario analizar las circunstancias caso a caso. Claramente, en el caso ante nuestra consideración, se dilucida unas cuestiones de derechos consignadas en el Código Civil y, a su vez, en la Ley de Corporaciones toda vez que la controversia central versa sobre unas corporaciones alegadamente pertenecientes a un caudal hereditario. Sin embargo, recordemos que las leyes especiales prevalecen sobre las leyes generales.

En lo pertinente a nuestro caso, la Ley de Corporaciones al ser una ley especial tiene preeminencia sobre las disposiciones del Código Civil. Por lo cual, aun cuando el Código Civil permite nombrar a un administrador judicial —para que adopte todas las medidas necesarias para conservar el patrimonio hereditario hasta que se distribuya entre sus herederos— ello aplica de manera supletoria. Ello, se debe a que el Código Civil regula las personas jurídicas en términos amplios. En cambio, la Ley de Corporaciones regula todo lo relacionado a la creación de las personas jurídicas, su funcionamiento, administración y disolución. Así que, como regla general, todo asunto corporativo es regulado por la Ley de Corporaciones y supletoriamente por el Código Civil.

En cuanto a la designación de algún administrador judicial o síndico, la Ley de Corporaciones lo permite bajo ciertas

circunstancias como: (i) la insolvencia o disolución de la corporación; (ii) hay un empate entre los accionistas o entre los directores; (iii) abandono de los negocios sin tomar medidas sobre los activos; (iv) incumplimiento con una orden judicial; y (v) es una corporación íntima perjudicada o amenazada por daños irreparables. 14 LPRA secs. 3656, 3709, 3782 y 3835. No obstante, luego de examinar el expediente no hallamos la presencia de ninguna de estas circunstancias para el nombramiento de un administrador judicial o síndico conforme a la Ley de Corporaciones.

Cabe señalar que el foro de instancia estableció en su *Sentencia Parcial Enmendada* que el asunto relacionado al nombramiento de un administrador judicial y a la solicitud de información pertinente a las corporaciones debía realizarse conforme a derecho a través del inventario, avaluó y liquidación en el caso de la partición. Véase, apéndice, anejo 157, págs. 861-862. Así pues, consta en la *Minuta* del 20 de noviembre de 2024 que las partes acordaron una reunión entre sí para designar un administrador judicial o contador partidor, quien estaría encargado de solicitar la información pertinente a las corporaciones, entre otros fines. Véase, apéndice, anejo 158, págs. 864. Además, el foro de instancia ordenó que, si las partes no llegaban a un consenso, debían presentar una moción conjunta con una lista de personas que pudieran fungir como administrador judicial o contador partidor. *Id.*

En consecuencia, concluimos que el foro de instancia no erró al determinar que los apelantes no son accionistas de las Corporaciones Tía María, Inc. y Bodega Tía María, Inc. ni incidió al denegar el nombramiento de un administrador judicial. Por tanto, no se cometió el primer ni el cuarto señalamiento de error.

De otro lado, a continuación, atenderemos el segundo señalamiento de error. Con particularidad, los apelantes señalan

que el foro de Instancia erró al determinar que no son accionistas de la Corporación Bodega Tía María, Inc. a base de una moción de desestimación bajo la Regla 10.2(5) de Procedimiento Civil sustentada por una declaración jurada. Esto es, argumentan que la referida moción de desestimación debió ser atendida como una moción de sentencia sumaria.

En contraposición, la corporación Bodega Tía María, Inc. argumentó en su alegato lo siguiente:

> La Sentencia del TPI desestimando la acción presentada en contra de Tía María y Bodega no fue en base a la declaración jurada sometida por Bodega, ni la propuesta de que el Causante no tuvo acciones de Bodega. Distinto a ello, que, como bien puede colegir este Tribunal, dicha Sentencia fue porque los Demandantes no son accionistas, no porque el Causante no le fue, sino porque NO se han adjudicado acciones de Bodega mediante algún proceso de partición.

Véase, *Alegato de la co-apelada Bodega Tía María, Inc.*, pág. 7.

Examinada la determinación del foro de instancia, nos percatamos que este meramente mencionó que se había adjuntado una declaración jurada a la solicitud de desestimación —la cual establecía que el señor Blanco no era accionista de la corporación— y la atendió bajo los criterios de la Regla 10.2(5) de Procedimiento. Por lo cual, notamos que el dictamen apelado nada indica que el foro de instancia haya utilizado como único fundamento la mencionada declaración jurada para hacer su determinación. Al contrario, entendemos que el foro de instancia desestimó la causa de acción contra la Corporación Bodega Tía María, Inc. considerando su conclusión de que los miembros de la comunidad hereditaria del señor Blanco no eran accionistas por meramente tener calidad de heredero. Esto es, el foro de instancia tomó en consideración que, al momento del dictamen, ni se había efectuado la partición del caudal hereditario del señor Blanco ni se había adjudicado en propiedad las acciones de ninguna de las corporaciones demandadas a uno u otro heredero.

Así pues, concluimos que el foro de instancia no erró al desestimar la *Demanda* contra la Corporación Bodega Tía María, Inc. Por lo que, no se cometió el segundo señalamiento de error.

Aclaramos, sin embargo, que nada de lo dispuesto en esta *Sentencia* debe entenderse como que prejuzga el asunto de si el causante era o no accionista de las corporaciones Tía María, Inc. y Bodega Tía María, Inc. Eventualmente en el proceso, le compete al foro de instancia determinar si los herederos del señor Blanco tienen algún interés sobre las corporaciones Tía María, Inc. y Bodega Tía María, Inc.

Por último, los apelantes en su tercer señalamiento de error plantean que el foro de instancia erró al paralizar el descubrimiento de prueba en el caso de epígrafe.

Sin embargo, es pertinente señalar que los apelantes no discutieron ni desarrollaron sus argumentos en relación con su tercer señalamiento de error, por lo que no colocaron a este foro apelativo en posición para revisar el alegado error cometido por el Tribunal de Primera Instancia. Véase, Regla 16 (C)(1)(f) y Regla 16 (C)(2) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 30-31, 215 DPR __ (2025). Recordemos que nuestra Alta Curia expresó que:

> [l]a exigencia de que el escrito de apelación contenga un señalamiento de error y su discusión no es un mero preciosismo inconsecuente. Es la discusión del error donde se enmarca la actuación alegadamente errónea del foro primario cuya revocación se ha solicitado, a la luz de los hechos y del derecho aplicable. Es lo que se ha denominado "el corazón" de la apelación o "la artillería pesada". No podemos olvidar que el derecho, particularmente el derecho o práctica apelativa, es rogado.

*Morán v. Martí*, 165 DPR 356, 369 (2005) (citas omitidas).

Por tanto, los apelantes renunciaron a su tercer señalamiento de error al incumplir con nuestras disposiciones reglamentarias. Así

pues, no podemos ejercer adecuadamente nuestra función revisora respecto a ese señalamiento de error.

### -IV-

Por los fundamentos expuestos previamente, se **confirma** la *Sentencia Parcial Enmendada* apelada. En consecuencia, se devuelve el caso ante el foro de instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones